**Bobby BARKER, aka Kenny Smith, Petitioner–Appellant,**

v.

**George M. GALAZA, Warden, Respondent–Appellee.**

No. 03–16875.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2004.*

Decided Oct. 22, 2004.

Before: KLEINFELD, TASHIMA, and GOULD, Circuit Judges.

MEMORANDUM **

California state prisoner Bobby Barker appeals the district court's denial of his 28

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

U.S.C. § 2254 petition. Barker asserts that his due process rights were violated by two out-of-court identifications, which he claims were rendered unreliable by unduly suggestive identification procedures. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

In order to obtain relief on habeas, Barker must demonstrate that the state court's determination resulted in an unreasonable application of clearly established federal law, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented to the state court. *See* 28 U.S.C. § 2254(d). Controlling federal law holds that a pretrial identification violates due process where: (1) the identification procedure is impermissibly suggestive, and (2) the suggestive procedure "give[s] rise to a substantial likelihood of misidentification." *See Neil v. Biggers,* 409 U.S. 188, 197, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972).

 Barker is not entitled to relief because the California Court of Appeal reasonably determined that he failed to meet both parts of this test. The photo lineup was not impermissibly suggestive because each witness testified that he chose Barker based on his memory of him during the robbery, not because the collar of his shirt matched one witness's description of the robber's shirt. The subsequent physical lineup was not impermissibly suggestive, as both witnesses testified that they identified Barker based upon their memory of the robber, and not for any other reason. *See id.*

 Moreover, the identifications were not rendered unreliable under the totality of the circumstances, because: (1) the witnesses saw the robber during daylight

hours, wearing no disguise, (2) Barker matched the physical description given by both witnesses, (3) the color, make, and license plate on Barker's mother's car was a near match to the one reported leaving the scene of the robbery, and (4) both witnesses positively identified Barker within days of the robbery. *See Manson v. Brathwaite,* 432 U.S. 98, 114–17, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1988).

Accordingly, the state court's conclusion was not an unreasonable application of federal law, and Barker is not entitled to federal habeas relief on his claims. *See* 28 U.S.C. § 2254(d); *Williams v. Taylor,* 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

AFFIRMED.